# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| THOMAS M. MCGWIN, <br><br> Plaintiff, <br><br> v. <br><br> OLSON LEGAL GROUP, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-00116 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes THOMAS M. MCGWIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of OLSON LEGAL GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Wisconsin Consumer Act ("WCA") under Wis. Stat. § 427 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age, residing in Winnebago County, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a debt collector by trade as it regularly collects on behalf of its clients.[1] Defendant is a limited liability company organized under the laws of the state of Wisconsin with its principal place of business located at 146 Algoma Boulevard, Suite A, Oshkosh, Wisconsin 54901-4891.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several months ago, Plaintiff received medical services from Fox Valley Emergency Medicine S.C. ("Fox Valley").

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Fox Valley, thus incurring debt ("subject debt").

11. On or about January 7, 2019, Defendant mailed or caused to be mailed to Plaintiff a "dunning" letter, in an attempt to collect upon the subject debt.

---

[1] https://olsonlegalgroup.com/areas-of-practice/

2

12. The first line of Defendant's letter threatens to initiate a lawsuit against Plaintiff by stating, "We have been authorized to start a lawsuit against you to collect a debt."

13. Defendant's dunning letter also included the following language "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

14. Moreover, Defendant failed to disclose itself as a debt collector, despite its other noticeable attempts to comply with the FDCPA evident in the dunning letter, such as citing to 15 U.S.C. § 1692g.

15. Following the above referenced language, the salutation reads "Sincerely," and is then perplexingly signed by one of Defendant's attorneys, "Nathan P Olson".

16. As such, Defendant's letter represented that it was sent by Mr. Olson after he had engaged in a meaningful review of Plaintiff's account prior to sending the letter despite the contradictory language referenced in paragraph 13.

17. Moreover, Defendant's collection letter is a form letter based on a quick inspection of its contents and format. Therefore, only a simple cut and paste exercise is needed to change the personal information of the recipient.

18. Upon information and belief, Defendant mails a numerous amount of these form collection letters on a daily basis.

19. As a result of Defendant's misrepresentation regarding the extent to which an attorney reviewed the collection letter prior to sending it to Plaintiff, Plaintiff felt an undue sense of anxiety that he would be subjected to legal action if prompt payment was not made.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

21. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

22. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

4

30. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending at least one collection letter to Plaintiff suggesting that this letter was from, and reviewed by, an attorney. Upon information and belief, Defendant mails a copious amount of collection letters on a daily basis, thus the attorneys are not able to meaningfully review and sign every single letter that Defendant mails. It is evident that Defendant's attorneys did not engage in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters. This is illustrated by the sheer volume of collection letters Defendant's attorneys send on a daily basis, and the inherently contradictory language in the letter stating that an attorney had not reviewed Plaintiff's account, even though the letter was nevertheless signed by one of Defendant's attorneys.

31. Moreover, Defendant's statement affirming that an attorney had not reviewed Plaintiff's file is misleading and created confusion for Plaintiff in the following ways: If an attorney did not review Plaintiff's account, then Defendant's threat to initiate a lawsuit against Plaintiff was issued without attorney review. Conversely, if Defendant's threat to initiate a lawsuit against Plaintiff was delivered after an attorney decided that Defendant would proceed with litigation, then Defendant actively attempted to deceive Plaintiff by asserting that no attorney reviewed Plaintiff's file, when in fact, at least one attorney made the decision to proceed with litigation. Also, it is commonly understood that a signature line is used to provide the source of a written document; thus it is deceptive and confusing to an unsophisticated consumer for Defendant to affirmatively state that an attorney had not reviewed Plaintiff's file, but then the same letter is signed by one of Defendant's attorneys, thus asserting that an attorney was at least involved in confirming the contents of Defendant's dunning letter. Sending form collection letters said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered

5

determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

32. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

    b. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated 15 U.S.C. §1692f through its unfair and/or unconscionable misrepresentations that its debt collection correspondence was sent from an attorney who sufficiently reviewed the account(s) associated with such correspondence. This conduct gets to the heart of what the FDCPA was designed to redress – abusive debt collection practices. It is undoubtedly abusive and unfair for a debt collector to falsely suggest that its collection letters were sent after being reviewed by an attorney. This abusive debt collection practice has the impact of instilling an undue sense of urgency in consumers – an injury which the FDCPA was designed to redress. Plaintiff suffered this injury that the FDCPA was designed to redress, as the anxiety and concerns which came about as a result of thinking he was being sent debt collection letters from at least one attorney resulted in Plaintiff conferring with his counsel regarding the letter.

35. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is

6

an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

WHEREFORE, Plaintiff, THOMAS M. MCGWIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3) of the WCA.

38. The subject consumer debt is a "claim" as defined by Wis. Stat. § 427.103(1) of the WCA.

39. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. § 427.104(1)(h)

40. Defendant violated § 427.104(1)(h) by engaging in harassing conduct in its attempt to collect upon the subject debt by invoking the involvement of an attorney when the facts surrounding the letter point to no meaningful involvement from an attorney. Therefore, Defendant's collection tactics only served to worry and confuse Plaintiff.

7

41. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its business model. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. As pled in paragraphs 20 through 22, Plaintiff has suffered actual damages as a result of

43. Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

WHEREFORE, Plaintiff, THOMAS M. MCGWIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to § 425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 21, 2019                        Respectfully submitted,

s/ Nathan C. Volheim                           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                        *Counsel for Plaintiff*
Admitted in the Eastern District of Wisconsin  Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                       Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200               2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148                        Lombard, Illinois 60148
(630) 575-8181 x113 (phone)                    (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com